IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JUAN SALAZAR-ESPINOZA,<br><br>                Defendant. | 8:10CR231<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant Juan Salazar-Espinoza's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). Filing No. 37, § 2255 Motion. The defendant pleaded guilty to count I of the indictment, conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (actual). Filing No. 1, Indictment; Filing No. 28, Plea Hearing. The United States Probation Officer calculated the sentencing guidelines range at 87-120 months. Filing No. 32 at 12, Presentence Investigation Report. However, 21 U.S.C. 841(b)(1)(A) imposes a mandatory minimum sentence of ten years. On June 17, 2011, the court sentenced Mr. Salazar-Espinoza to a 120-month term of imprisonment, followed by five years of supervised release with special conditions. Filing No. 34 at 2-3, Judgment.

      In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel from his defense attorney, James Davis. Filing No. 37. The defendant names three grounds for this motion: (1) Mr. Davis did not communicate offered plea agreements to the defendant, (2) Mr. Davis told Mr. Salazar-Espinoza that

he would receive an 87-month sentence, and (3) Mr. Davis failed to file a notice of appeal at the defendant's request.  *Id.* at 14.

## I.     Law: Two-Prong *Strickland* Test for Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'"  *King v. United States*, 595 F.3d 844, 852 (8th Cir. 20*10) (quoting 28 U.S.C.A. § 2255(a)).  A movant may raise ineffective assistance of counsel issues in collateral proceedings.  *See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2*003).  "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process."  *Kimmelman v. Morrison, 477 U.S. 365, 374 (19*86).  Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and to a defendant's first appeal of right.  *See Gideon v. Wainwright, 372 U.S. 335, 344 (19*63) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey, 469 U.S. 387, 392-93* (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington, 466 U.S. 668, 686 (19*84) (quoting *McMann v. Richardson, 397 U.S. 759,* 771, n.14 (1970)).  In order to make out a claim of ineffective assistance, a movant must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently

(prejudice).'" *King,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. April 1, 20*10) (quoting *Strickland,* 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook,* 558 U.S. 4, 6, 130 S. Ct. 13, 16 (20*09) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct. *King,* 595 F.3d at 852. "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance [of counsel]." *Barger v. United States,* 204 F.3d 1180, 1182 (8th Cir. 2*000) (citations omitted). However, "[a] bare assertion . . . that [the defendant] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." *Id.* (citations omitted).

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 998 (8th Cir. 20*10). In the sentencing context, prejudice exists when the movant shows that, had counsel presented another argument, the defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a

3

defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 20*05); *King,* 595 F.3d at 853-54. If the defendant alleges counsel failed to file a notice of appeal when requested, however, a showing of actual prejudice is not necessary. *Barger,* 204 F.3d at 1182 (stating that the likely success on appeal is irrelevant).

**II.    Discussion**

The first two claims of Mr. Salazar-Espinoza's § 2255 motion do not pass the *Strickland* test. The defendant failed to show that Mr. Davis did not inform him of plea agreement offers, or that Mr. Davis misrepresented his likely sentence. However, court possesses insufficient evidence to consider whether the defendant instructed Mr. Davis to file a notice of appeal.

**A.    The record indicates the defendant knew about offered plea agreements.**

The record contains proof that Mr. Davis informed the defendant of plea agreement offers prior to the change of plea hearing. Mr. Salazar-Espinoza's Petition to Enter a Plea of Guilty contained a hand-written note regarding a plea agreement that he rejected. Filing No. 27 at 12 (reading "The Govt's new plea agreements are arbitrary & capricious and allow for no negotiations"). During the plea hearing, the defendant stated he signed and understood the completed petition. Filing No. 43 at 10-11, Transcript of Plea Proceedings. This note indicates that the defendant knew of the plea agreements the United States had offered him. Therefore, Mr. Salazar-Espinoza has failed to prove deficient performance on this ground.

## B. The record proves the defendant understood the mandatory minimum sentence.

The court finds the defendant failed to prove that he did not understand the minimum sentence for the crime to which he pleaded guilty. During the change of plea hearing, Mr. Salazar-Espinoza stated he understood the likely sentence he would receive. Filing No. 43 at 7-9. The defendant acknowledged the existence of a statutory minimum sentence of ten years. *Id.* The record disproves Mr. Salazar-Espinoza's second ground for relief.

## C. Insufficient evidence to consider claim of failure to file notice of appeal.

The defendant's final ground, that he requested an appeal that Mr. Davis failed to file, warrants further inquiry. The record lacks any evidence other than Mr. Salazar-Espinoza and Mr. Davis's affidavits. *See* Filing No. 58, Responsive Pleading to Government's Answer; Filing No. 48-1, Affidavit in Support of Government's Answer. Without further evidence the court cannot determine whether Mr. Davis's position is more credible than the defendant's under *Barger v. United States*. *Barger*, 204 F.3d at 1182. As the government states in its answer, there was no reasonable ground for the defendant to appeal. Filing No. 47 at 10, Answer to Defendant's Motion. However, if Mr. Salazar-Espinoza proves he requested an appeal, he will prove prejudice under the *Strickland* test regardless of what the result may have been. *Barger*, 204 F.3d at 1182. The unreasonableness of appeal alone does not render Mr. Davis's affidavit more credible than the defendant's.

THEREFORE, IT IS ORDERED:

1. The court denies the defendant's § 2255 claims for ineffective assistance of counsel on the grounds of failure to communicate offered plea agreements and sentencing information.

2. The **court appoints Michael Gooch** to represent the defendant in connection with his claim of ineffective assistance of counsel on the ground of failure to file a notice of appeal.

3. Counsel for the defendant shall file a status report and brief with the court within 30 days of the date of this order.

4. Counsel for the government has 14 days thereafter to file a brief addressing this issue.

Dated this 24th day of June, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge