IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN SALAZAR-ESPINOZA,<br><br>Defendant. | 8:10CR231<br><br>**FINDINGS AND<br>RECOMMENDATION** |

The defendant, Juan Salazar-Espinoza, has filed a pro se motion and an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Filing No. 37 and Filing No. 71). Liberally construing the allegations of his motions, (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), the defendant claims he is entitled to relief because his counsel provided ineffective assistance by:

1.  Failing to communicate formal prosecution offers to accept a plea on terms and conditions that may favorable to defendant;

2.  Promising the defendant that his sentence would be 87 months; and

3.  Failing to file an appeal of defendant's conviction and sentence as instructed by the defendant. (Filing No. 37, at CM/ECF p. 14).

(Filing No. 37, at CM/ECF p. 14; Filing No. 71). The court previously denied the § 2255 claims for ineffective assistance of counsel on the grounds of failure to communicate offered plea agreements and making sentencing promises.

The only remaining issue is whether defense counsel provided ineffective assistance of counsel by failing to file a requested notice of appeal. Because resolution of this issue required a credibility determination, (United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001), an evidentiary hearing was held on the defendant's claim before the undersigned magistrate judge. The defendant appeared telephonically and was represented by appointed counsel during the hearing. For the reasons discussed below, the defendant's motions should be denied.

FACTUAL FINDINGS

On June 10, 2010, a two-count indictment was filed against the defendant alleging he knowingly and intentionally engaged in a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and on April 22, 2010, knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine. (Filing No. 1).

On January 29, 2011, the defendant signed a Petition to Enter a Plea of Guilty which acknowledged he understood he faced a potential sentence of life in prison and a mandatory minimum sentence of 10 years.  The questions within the petition were explained to the defendant by his counsel with the assistance of a Spanish-speaking interpreter.  (Filing No. 27, at CM/ECF pp. 15, 17).  The defendant was able to understand the Spanish interpreter who assisted in completing the plea paperwork,  (Filing No. 43, at CM/ECF p. 6, lines 12-20), and provided interpreter assistance during all communications between the defendant and counsel and at all court hearings.

On February 2, 2011, the defendant pleaded guilty, without a plea agreement, to count I of the Indictment.  (Filing No. 28).  During the plea hearing, the defendant acknowledged that he faced a sentence of no less than 10 years in prison and up to life in prison, and that the guideline range was 121 to 157 months.  (Filing No. 43, at CM/ECF p. 7 :11-9:2).  During the plea hearing, the defense counsel explained that under the potential scenarios known at the time, the guideline range would be approximately 120 months.  (Filing No. 43, at CM/ECF p. 10, lines 2-9).

Defense counsel met with the defendant to go over the Pre-sentence Investigation and at that time, explained that the mandatory minimum sentence was 120 months.  Counsel explained that if the defendant received a sentence of 120 months, the defendant would have nothing to gain by filing an appeal.  But if he was sentenced in excess of 120 months, he

could have a reason for appeal.  Counsel further explained that appealing posed a risk; specifically, if the defendant appealed, the government could cross appeal and request a longer sentence.

The defendant's sentencing hearing was held on June 15, 2011. During the hearing, counsel agreed that the lowest sentence the court could enter was 120 months in prison. When given a chance to respond, the defendant stated, "No, it's fine, Judge.  It's in your hands, whatever decision you make."  (Filing No. 44, at CM/ECF p. 4, lines 8-9).

The court imposed a sentence of 120 months in prison.  After announcing the sentence, the court explained that any appeal must be filed within 14 days of the court's written order of judgment.  (Filing No. 44, at CM/ECF p. 7, lines 6-13).  At the close of the sentencing hearing, with the assistance of an interpreter, counsel asked the defendant if he wanted to appeal the sentence.  The defendant responded, "No."  Defense counsel did not speak with the defendant following the sentencing hearing.  The defendant never asked his attorney to file a notice of appeal.

The court's written sentencing order was filed on June 17, 2011.  On June 14, 2012, the defendant completed and signed his pending motion for relief under 28 U.S.C. § 2255. The § 2255 motion was mailed it to this court. The mailing was postmarked June 15, 2012, and was received and filed in this court on June 18, 2012.  (Filing No. 37, at CM/ECF p. 16). The motion was timely filed.

## LEGAL ANALYSIS

"[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255."  Estes v. U.S., 883 F.2d 645, 648 (8th Cir. 1989).  A defendant seeking § 2255 relief "need not show that he was prejudiced by his attorney's failure to file a timely notice of appeal." Holloway v. U.S., 960 F.2d 1348, 1357 (8th Cir. 1992).  However, the attorney must have been aware of the client's desire to appeal.  "A bare assertion by the petitioner that he made a request is not by

itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." U.S. v. Luke, 686 F.3d 600, 606 (8th Cir. 2012) (citing Yodprasit v. U.S.,  294 F.3d 966, 969 (8th Cir. 2002)(quoting Barger v. U.S., 204 F.3d 1180, 1182 (8th Cir. 2000)).

Based on the credible testimony, I find the defendant never asked his attorney to file an appeal.   And since the defendant pleaded guilty and was sentenced at the statutory minimum, counsel had no reason to believe the defendant wanted to appeal his conviction or sentence.  The defendant has failed to show his counsel provided ineffective assistance by failing to file an appeal.

 IT THEREFORE HEREBY IS RECOMMENDED to the Joseph F. Bataillon, Senior United States District Judge,  pursuant to 28 U.S.C. § 636(b), that the defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (Filings 37 and 71), be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

October 20, 2014.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.